UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. C-17-146 |
| MONICA ROCA-PEREZ, ET AL | § § | |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS
CHARGES OUTSIDE OF STATUTE OF LIMITATIONS**

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas, and files the following RESPONSE TO MOTION TO DISMISS CHARGES OUTSIDE OF STATUTE OF LIMITATIONS.

I.

The counsel for defendant Monica Roca-Perez has filed a motion to dismiss charges outside of the statute of limitations. Although no statutory authority is cited, Defendant seeks to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b) on grounds that the five-year statute of limitations has expired. Such a motion to dismiss may be raised only on legal grounds prior to trial. The Defendant, however, has asserted entirely factual grounds for their motion.

For purposes of a Rule 12(b) motion, a court must accept the factual allegations contained in the indictment as true in order to protect the sanctity of the grand jury and prevent a mini-trial before the trial. *Costello v. United States*, 350 U.S. 359, 363 (1956). If an indictment is valid on its face, a defendant may not challenge it on grounds that allegations in it are not supported by adequate evidence. *Id*. at 363. Rule 12(b) contemplates challenges made to the legal sufficiency of an indictment that are capable of determination by the court without a trial. Such challenges cannot raise factual issues that need to be resolved by a jury. *U.S.v. Shortt Accountancy Corp.*,

1

785 F.2d 1448, 1452 (9th Cir. 1986), cert. denied, 478 U.S. 1007 (1986). A defendant may not challenge factual allegations in an indictment through a Rule 12(b) motion. *U.S. v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975), cert. denied, 423 U.S. 1087 (1976). A defense motion under this rule is an improper method of asserting a defense to anticipated trial evidence. *U.S. v. Nikuda*, 8 F.3d 665, 669 (9th Cir. 1993).

Defendant argues in her motion, based upon her examination of pre-trial discovery materials, that the government will be unable to meet its burden of proof at trial. This is precisely the type of argument that is not permitted in a motion to dismiss under Rule 12(b) because it invades the province of the trial jury. *Shortt*, 785 F.2d at 1452.

Initially, it should be noted that this argument is entirely based upon the Defendant's analysis of materials made available to her through the discovery process. Secondly, the Defendant's argument is obviously based upon a subjective interpretation of the available evidence. The government will present sufficient evidence at trial to prove beyond a reasonable doubt that the charged conspiracy and Defendant's actions were well-within the statute of limitations.

Defendant cites no legal authority for their proposition that the government should be ordered to make a good faith showing to the Court prior to trial that the indictment is not time-barred. The only case cited by Defendant, *Musacchio v. U.S.*, 136 S. Ct. 709, 717 (2016), is inapplicable and not on point as it simply hold that a defendant cannot successfully raise a statute-of-limitations bar for the first time on appeal. The only showing that the government is required to make is that a grand jury returned this indictment alleging that the conspiracy alleged in the indictment occurred within the previous five years.

II.  CONCLUSION

The Defendant is free to endeavor to show and argue to the jury at the trial of this indictment that the conspiracy alleged terminated more than five years before the indictment was returned. This is an issue that simply cannot be resolved prior to trial as a matter of law by the Court.

WHEREFORE, the government respectfully requests that the Defendant's Motion to Dismiss Charge Outside of Limitations should be denied in its entirety.

Respectfully submitted,

        ABE MARTINEZ
        Acting United States Attorney

By:   s/*Julie K. Hampton*
       JULIE K. HAMPTON
       Assistant United States Attorney
       Texas Bar # 24032269
       SDTX Admission # 431286
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, Texas 78401
       (361) 888-3111
       (361) 888-3200 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RESPONSE TO MOTION TO DISMISS CHARGE OUTSIDE OF STATUTE OF LIMITATIONS** has been sent to each defendant's attorney by the ECF system on the 9th day of June, 2017.

       s/*Julie K. Hampton*
       JULIE K. HAMPTON
       Assistant United States Attorney
       Texas Bar # 24032269
       SDTX Admission # 431286
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, Texas 78401
       (361) 888-3111
       (361) 888-3200 (fax)